NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-957

COMMONWEALTH

vs.

KIMBERLY MCCULLOUGH.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Following a jury trial in the Superior Court, the defendant was convicted of armed robbery, assault and battery by means of a dangerous weapon, and armed assault in a dwelling. On appeal, the defendant maintains that testimony by a police officer, elicited on the Commonwealth's redirect examination, violated the protections enunciated in Doyle v. Ohio, 426 U.S. 610, 611, 616-619 (1976). We affirm.

The defendant and the victim had a history of engaging in sex and using cocaine. During one such encounter, the defendant's boyfriend rushed into the room wielding a wooden table leg and attacked the victim; a melee ensued. The defendant took the victim's cell phone and backpack; after the three tumbled down a flight of stairs together, the victim regained his backpack.

When police arrived (summoned by a neighbor), the victim was bleeding from the head. The defendant and her boyfriend were located less than fifty yards away. There, the defendant told an officer that she had drugs on her person.

At trial, a different police officer testified that he took the victim for a "quick drive in the cruiser" past the spot where the defendant and her boyfriend were standing. The testifying officer never spoke with the defendant during this drive-by identification. He did, however, "interact" with the defendant later at the police station.

The challenged testimony relates to these two moments: the scene where the defendant was apprehended and the "interaction" at the station. On cross-examination, counsel asked the officer, "You didn't speak to my client, [the defendant]?" and the officer responded, "No, I didn't." Counsel also asked, "And your report also notes that [the defendant] stated openly that she did have some -- a little bit of marijuana and cocaine on her?" to which the officer responded, "Yes."

On redirect, the prosecutor asked:

Q: "Okay. And did you have much one-on-one interaction with [the defendant]?"

A: "When we got back to the police station."

Q: "Okay. But on scene, you didn't interact with her?"

A: "No."

Q:  "Okay.  And she didn't say anything to you about what happened on scene?"

A:  "No."

Defense counsel objected and, at sidebar, explained that she viewed the questioning as inappropriately shifting the burden to the defendant, who had a "right to silence."  The judge agreed to sustain the objection and later did so.[1]  During the ensuing conversation at sidebar, the prosecutor explained that he had been "trying to clarify" that the officer was not the one who had interacted with the defendant at the scene, and that the officer "didn't actually talk to her himself about the drug stuff."  The judge indicated that he "may have heard [the testimony] the same way" as the prosecutor.

When the prosecutor rephrased the question, he made clear (1) that he was following up on the question asked during cross-examination about the defendant's admission to having drugs, and (2) that the admission was made to another officer, not to the testifying officer.  There was no objection to this testimony.

As we understand the defendant's argument, she maintains that a Doyle error arose because the officer inappropriately testified that the defendant spoke to him, but, when she did, she said nothing about what had happened at the scene.  Like the

---

[1] Although the judge initially agreed to strike the answer, that was not part of his eventual ruling.  Counsel did not request again that the answer be stricken.

trial judge, we do not understand this to have been the officer's testimony.  Rather, provoked by the questions on cross-examination, on redirect the prosecutor sought to have the testifying officer clarify that the defendant's statement at the scene (about having drugs) was made to a different officer.

Even generously reading the testimony as the defendant proposes, we discern no Doyle error.  First, as counsel acknowledged during oral argument, no motion to suppress was filed, and the record contains no evidence as to when the defendant was arrested, or when and whether she received her Miranda rights.  Therefore, we do not know whether the defendant had been provided with her Miranda rights when she interacted with the testifying officer at the police station.  Doyle is implicated only after a defendant has been advised of her Miranda rights.  See Commonwealth v. Mahdi, 388 Mass. 679, 694 (1983), citing Doyle, 426 U.S. at 619.

Second, "Doyle held that the exercise of one's Miranda rights could not be used for impeachment purposes for two reasons:  (1) the inherent ambiguity of silence 'because of what the State is required to advise the person arrested'; and (2) the implicit assurance of the Miranda warnings that the defendant's exercise of the announced right will carry no penalty."  Mahdi, 388 Mass. at 695, quoting Doyle, 426 U.S. at 617-618.  See Commonwealth v. Lodge, 89 Mass. App. Ct. 415, 418-

4

419 (2016). Here, there was no evidence that the defendant spoke to the testifying officer, or of what she said to him if she did speak. The testifying officer did not speak with the defendant on the scene, and only "interact[ed]" with the defendant at the police station. The nature of this "interaction" was not before the jury. The officer may have booked the defendant, fingerprinted her, allowed her to make a telephone call, or had a conversation with her -- we do not know. Because we know neither whether the defendant spoke or remained silent, nor whether she received or invoked her Miranda rights, this testimony did not implicate Doyle.

<div style="margin-left: 50%;">

Judgments affirmed.

By the Court (Meade,
Hershfang & D'Angelo, JJ.[2]),

Joseph F. Stanton

Clerk

</div>

Entered:  December 28, 2023.

---

[2] The panelists are listed in order of seniority.